## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF DELAWARE

| | |
|---|---|
| HERSCHEL JAMES, : | |
|     Plaintiff, : | |
| : | Civil Action No. 1:08-cv-228 |
| v. : | |
| : | |
| COLIN P. BOGGS and : | |
| WERNER ENTERPRISES, INC., : | |
|     Defendants. : | |

### DEFENDANTS' ANSWER WITH AFFIRMATIVE DEFENSES
### TO PLAINTIFF'S COMPLAINT

Defendants, Colin P. Boggs and Werner Enterprises, Inc. (hereinafter "Defendants"), by and through their attorneys, Rawle & Henderson LLP, hereby submit their Answer with Affirmative defenses to plaintiff's Complaint and aver as follows:

1.  Denied. Defendants are without sufficient information or knowledge to affirm the truth of the averments contained in paragraph 1 of the Complaint. Therefore, said averments are denied and strict proof thereof is demanded at time of trial.

2.  Admitted in part, denied in part. Defendants admit that Colin P. Boggs is an individual residing at 311 S. Old Main, Lamont, OK 74643. The remaining averments contained in paragraph 2 are conclusions of law to which no response is necessary, therefore they are denied.

3.  Admitted.

4.  Denied. Defendants are without sufficient information or knowledge to affirm the truth of the averments contained in paragraph 4 of the Complaint. Therefore, said averments are denied and strict proof thereof is demanded at time of trial.

2391733-1

5. Admitted in part, denied in part. Defendants only admit that on April 5, 2006, Colin P. Boggs was traveling east on Route 273 in the left lane, in New Castle County, State of Delaware. The remaining averments in paragraph 5 are denied and strict proof thereof is demanded at time of trial.

6. (a)-(k). Denied. The allegations contained in paragraph 6 of the Complaint and its subparts are conclusions of law to which no response is required. To the extent that a response is required, defendants deny any negligent conduct and strict proof thereof is demanded at time of trial.

7. Denied. The allegations contained in paragraph 7 of the Complaint are conclusions of law to which no response is required. To the extent that a response is required, defendants deny that plaintiff sustained the alleged injuries and damages as a result of the accident on April 5, 2006. By way of further response, defendants are without sufficient information or knowledge to affirm the truth of the averments contained in paragraph 7 of the Complaint. Therefore, said averments are denied and strict proof thereof is demanded at time of trial.

8. Admitted in part, denied in part. Defendants admit that Colin P. Boggs was driving a motor vehicle in the scope and course of his employment with defendant Werner Enterprises, Inc. at all times pertinent hereto. The remaining averments contained in paragraph 8 are conclusions of law to which no response is necessary. To the extent a response is necessary, defendants deny any negligence and strict proof thereof is demanded at time of trial.

9. Admitted in part, denied in part. Defendants admit that at all times pertinent hereto, the vehicle driven by defendant Colin P. Boggs was owned by defendant Werner Enterprises, Inc.. The averments contained in paragraph 9 are conclusions of law to which no response is necessary. Therefore, said averments are denied and strict proof thereof is demanded at time of trial.

WHEREFORE, defendants, Colin P. Boggs and Werner Enterprises, Inc., demand judgment in their favor and against the plaintiff, dismissing plaintiff's Complaint together with an award of costs and disbursements incurred by answering defendants, including attorneys' fees together with such other relief in favor of answering defendants as this Honorable Court shall deem appropriate under the circumstances.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

No conduct on the part of defendants contributed to plaintiff's alleged injuries and damages.

### THIRD AFFIRMATIVE DEFENSE

The acts and conditions complained of by plaintiff, if in fact they occurred or existed, are the result of the conduct of third parties over whom defendants had no control, and therefore, defendants deny liability for same.

**FOURTH AFFIRMATIVE DEFENSE**

Defendants breached no duty of care to plaintiff.

**FIFTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are either barred, or should be reduced, as a result of the plaintiff's own contributory or comparative negligence, and/or by plaintiff's assumption of the risk.

**SIXTH AFFIRMATIVE DEFENSE**

Plaintiff failed to mitigate his injuries and damages, if any.

**SEVENTH AFFIRMATIVE DEFENSE**

The injuries and damages complained of by plaintiff pre-existed, or were sustained after, the incident which is the subject matter of the Complaint.

**EIGHTH AFFIRMATIVE DEFENSE**

Plaintiff's injuries and damages, if any, were the result of an unavoidable accident, sudden emergency, or Act of God.

**NINTH AFFIRMATIVE DEFENSE**

Defendants claim any and all defenses available to them pursuant to Delaware's Motor Vehicle Financial Responsibility Law.

**TENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred by the applicable statute of limitations.

**ELEVENTH AFFIRMATIVE DEFENSE**

If answering defendants were negligent in any respect as alleged in the Complaint, all such allegations being specifically denied, said defendants' negligence was passive, and the alleged damages sustained by the plaintiff were the result of an intervening negligent act of a third person or persons, which was a superseding cause of plaintiff's damages and, therefore, answering defendants are not liable.

**TWELFTH AFFIRMATIVE DEFENSE**

Plaintiff's alleged injuries, if proven true, were caused in whole or in part by instrumentalities which were beyond the control of answering defendants.

**THIRTEENTH AFFIRMATIVE DEFENSE**

Answering defendants, at all times material hereto, acted in a careful, reasonable, and prudent manner.

**FOURTEENTH AFFIRMATIVE DEFENSE**

If answering defendants were negligent, which is expressly denied, then the acts or omissions of answering defendants alleged to constitute negligence were not substantial factors or the cause of the action or incident of which plaintiffs complain and/or did not result in the injuries or damages alleged by the plaintiffs.

**FIFTEENTH AFFIRMATIVE DEFENSE**

Answering defendants' conduct was not negligent at any time material hereto.

**SIXTEENTH AFFIRMATIVE DEFENSE**

Answering defendants reserve the right to assert any and all other affirmative defenses, up to and at the time of trial, as may become available to answering defendants or as they are revealed through discovery or during the course of litigation.

WHEREFORE, defendants demand that the Complaint be dismissed with prejudice, and that judgment be rendered in their favor and against plaintiff, together with costs, fees, and such other and further relief as may be appropriate.

                                                    RAWLE & HENDERSON LLP

                                                    By: __/s/Gary Seitz_____
                                                          Gary F. Seitz
                                                          Rawle & Henderson LLP
                                                          300 Delaware Avenue, Suite 1015
                                                          P. O. Box 588
                                                          Wilmington, DE 19899-0588
                                                          302-778-1200
                                                          gseitz@rawle.com
                                                          Attorneys for Defendants,
                                                          Colin P. Boggs and
                                                          Werner Enterprises, Inc.

DATED:  May 5, 2008

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing Answer with Affirmative Defenses to Plaintiff's Complaint was served upon the below-listed counsel of record on this 5th day of May, 2008, by electronic mail and first class mail, postage prepaid:

Kenneth F. Carmine, Esquire
Potter, Carmine & Associates, P.A.
840 North Union Street
P.O. Box 30409
Wilmington, DE 19805-7409
***Attorneys for Plaintiff***

RAWLE & HENDERSON LLP

By: _/s/ Gary Seitz_____
    Gary F. Seitz
    Rawle & Henderson LLP
    300 Delaware Avenue, Suite 1015
    P. O. Box 588
    Wilmington, DE 19899-0588
    302-778-1200
    gseitz@rawle.com
    Attorneys for Defendants
    Colin P. Boggs and
    Werner Enterprises, Inc.